**Virgil BROOKS, Plaintiff,**

v.

**STATE OF OKLAHOMA, et al., Defendants.**

**No. CIV–93–1679–A.**

United States District Court, W.D. Oklahoma.

Sept. 1, 1994.

As Corrected Sept. 14, 1994 by Order Nunc Pro Tunc.

Virgil Brooks, pro se.

Wellon B. Poe, Jr., Office of the Atty. Gen., Oklahoma City, OK and Louis W. Bullock, Bullock & Bullock, Tulsa, OK, for defendants.

## ORDER

ALLEY, District Judge.

Before the Court is the Objection to Supplemental Report and Recommendation filed by plaintiff, Virgil Brooks, in response to the Supplemental Report and Recommendation of United States Magistrate Judge Doyle Argo. Pursuant to 28 U.S.C. § 636(b)(1)(B), the case was referred to Magistrate Judge Argo for preliminary review. On April 28, 1994, Magistrate Judge Argo recommended that the defendant's motion to dismiss be treated as a motion for summary judgment; and that the motion be granted. On June 1, 1994, this Court, after a do novo review of Magistrate Judge Argo's April 28, 1994 recommendation, remanded the case for further review on the question of whether plaintiff raised an equal protection claim arising out of prosecutorial discretion and 'CAP law' release. Magistrate Judge Argo issued a Supplemental Report and Recommendation on August 17, 1994. Plaintiff's objection to the supplemental report and recommendation is currently before the Court.

As provided by 28 U.S.C. § 636(b)(1), the Court is under an obligation to make a de novo review of any portion of the magistrate judge's recommendation to which specific objection is made, and the Court may accept,

reject, or modify the recommendation, or the matter may be recommitted to the magistrate judge with additional instructions. 28 U.S.C. § 636(b)(1); Mathews v. Weber, 423 U.S. 261, 271, 96 S.Ct. 549, 554–55, 46 L.Ed.2d 483 (1976). Accordingly, the Court has conducted a de novo review of Magistrate Judge Argo's report and recommendation, plaintiff's specific objections, and the relevant law. Having conducted this review, the Court is persuaded that Magistrate Judge Argo's analysis of the issues presented here was entirely correct and was based upon the proper legal standards.

The Court therefore holds that Magistrate Judge Argo's August 17, 1994, report and recommendation is ADOPTED in its entirety. For substantially the same reasons as found by Magistrate Judge Argo, the State of Oklahoma's and Larry A. Field's motion to dismiss, treated as a motion for summary judgment, is hereby GRANTED.

It is so ordered.

## SUPPLEMENTAL REPORT AND RECOMMENDATION

ARGO, United States Magistrate Judge.

This case is back before the undersigned pursuant to an order of remand from U.S. District Judge Wayne E. Alley in order to address Plaintiff's claim of a denial of equal protection. In response to that June 1, 1994 order of remand, the undersigned instructed the parties to submit briefs on the question of "whether there can be an equal protection claim arising out of the exercise of prosecutorial discretion in the way criminal defendants are charged, so that some are eligible for 'CAP law' release and some are not even though the actual offense conduct is about the same." Both the Plaintiff and the Defendants State of Oklahoma and Larry Fields have filed briefs in response to the question.[1] Thus, the matter is at issue.[2]

The Plaintiff initially filed his complaint pursuant to 42 U.S.C. § 1983 seeking declaratory and injunctive relief and arguing that the Oklahoma Prison Overcrowding Emer-

---

1. The Defendant Louis Bullock has not filed a dispositive motion, although his answer has raised several affirmative defenses.

2. The Plaintiff, in his brief, also contends that the order in Battles v. Anderson, 72–95 (E.D.Okla.) is not being complied with by the Oklahoma Department of Corrections. This issue is not properly before the undersigned on the limited issue

gency Powers Act (CAP credit law), Okla. Stat. tit. 57, §§ 570, *et seq.*, violated his equal protection rights. Additionally, he maintained that the CAP credit law violated his Eighth Amendment right to be free from cruel and unusual punishment by forcing him to remain in an overcrowded prison. In a Report and Recommendation of April 28, 1994, the undersigned recommended that the Court find that the CAP credit law is constitutional and that requiring the Plaintiff to serve his prison sentence does not violate his Eighth Amendment right to be free from cruel and unusual punishment. As the case was not remanded on either of these issues, the details of the undersigned's previous findings will not be repeated here. However, it is noted that the Tenth Circuit in *Johnson v. Fields*, Unpub.Op., Case No. 94–6008 (10th Cir. Apr. 6, 1994), has recently upheld this Court's dismissal of a lawsuit as frivolous under 28 U.S.C. § 1915(d), wherein a state prisoner challenged the constitutionality of the CAP credit law.[3]

For the reasons stated herein, the undersigned finds that the Plaintiff's equal protection rights have not been violated by the exercise of prosecutorial discretion. The Plaintiff's argument on remand is essentially that the CAP credit law violates the equal protection guarantees because prosecutors have broad discretion in charging individuals with offenses and in plea-bargaining with defendants, such as to circumvent the Act's effects on some inmates.[4] The hypothetical argument is that prosecutors make charging decisions that "selectively" deny certain inmates the opportunity to earn emergency time credits, which decisions thereby "void" or "circumvent" the state's interest in its classification system set forth in the Act. In addressing this issue, it is important to note two things. First, as found by the undersigned in the earlier Report and Recommendation, the CAP credit law is constitutional

on its face and secondly, there are no allegations nor any showing that the Oklahoma Department of Corrections is inconsistently applying its provisions. Thus, if the CAP credit law is being unconstitutionally applied, it is by the prosecutors in their charging decisions.

In addressing the issue of prosecutorial discretion, it is first noted that the Plaintiff was originally charged with first degree murder but was ultimately convicted of first degree manslaughter. Both of these crimes are crimes which render the Plaintiff ineligible for CAP credits. Moreover, any lesser offense to which the Plaintiff could have plead guilty would be a crime of violence, again rendering the Plaintiff ineligible for CAP credits. Thus, prosecutorial discretion had no effect on Plaintiff's eligibility for CAP credits. Moreover, the law is clearly established that a prosecutor's "decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." *Bordenkircher v. Hayes,* 434 U.S. 357, 364, 98 S.Ct. 663, 668, 54 L.Ed.2d 604 (1978). To be sure, the exercise of prosecutorial discretion is subject to constitutional constraints under the Equal Protection Clause: "the decision to prosecute may not be 'deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification.'" *Wayte v. United States,* 470 U.S. 598, 608, 105 S.Ct. 1524, 1531, 84 L.Ed.2d 547 (1985) (citations omitted). This standard requires that an accused "show both that the [alleged selective] enforcement [decision] had a discriminatory effect and that it was motivated by a discriminatory purpose." *Id. See Snowden v. Hughes,* 321 U.S. 1, 8, 64 S.Ct. 397, 401, 88 L.Ed. 497 (1944) (to prevail on equal protection claim that facially neutral statute is being applied unequally, "intentional or purposeful discrimination" must be shown). In the absence of evidence that the prosecutor

---

for which Judge Alley remanded the matter. Further, it seems appropriate that any challenge to the *Battles* order and its requirements be brought in the *Battles* case itself.

**3.** Pursuant to the Tenth Circuit's general order of November 29, 1993, this case is cited only for its persuasive value on the material issue raised in the case at bar, CAP credit law constitutionality.

**4.** In his initial brief in response to the issue on remand, the Plaintiff argued that prosecutorial discretion violates his equal protection rights with reference to the CAP credit law. After the Defendants filed their response brief, the Plaintiff filed an additional brief contending that the *Battles* order has not been complied with by the DOC and reurging his Eighth Amendment claim. These issues are not before the undersigned.

deliberately chose to prosecute because of the individual's religion or some other improper factor, the prosecutor's "conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation." *Oyler v. Boles*, 368 U.S. 448, 456, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962).

Plaintiff does not claim that any discriminatory purpose motivated prosecutors in charging him with the offense for which he is imprisoned and, as discussed above, such an argument would be without merit. Rather, his claim is that the benefits of the Act may not be available to some inmates like him because they are convicted as habitual offenders or violent offenders while other inmates may have been charged such as to be eligible for the benefits of the Act. The conjectural connection between prosecutorial discretion and the classification system in the Act is just too attenuated to present a viable legal theory under the Constitution. The Equal Protection Clause does not guarantee that state laws have an identical effect or impact on all citizens. In the same vein, the Equal Protection Clause does not require that prosecutors take into account, when deciding whether or not to prosecute or what charge to prosecute, the manner in which the offender's subsequent sentence is executed under valid legislative classifications. Even assuming a prosecutor is influenced in a charging decision by the punishment that may be assessed upon conviction, "this fact, standing alone, does not give rise to a violation of the Equal Protection or Due Process Clause." *United States v. Batchelder*, 442 U.S. 114, 125, 99 S.Ct. 2198, 2205, 60 L.Ed.2d 755 (1979).

Moreover, if in fact, the Plaintiff believed that his conviction was the result of some discriminatory effect or discriminatory purpose manifested through prosecutorial discretion, he could have raised this issue at the time of his trial and/or in his direct appeal of his conviction. *See Oyler, supra.* Due to the recommendation disposing of this case, the Plaintiff's "Emergency Motion to Compel Discovery" [Docket No. 33] should also be denied.

## RECOMMENDATION

Based on the foregoing, it is the recommendation of the undersigned Magistrate Judge that the motion to dismiss [Docket No. 19] filed by the Defendants State of Oklahoma and Larry Fields, which was earlier converted to a motion for summary judgment, be granted. It is further recommended that the CAP credit law be declared constitutional in its application to the Plaintiff. Lastly, it is recommended that the Plaintiff's "Emergency Motion to Compel Discovery," [Docket No. 33] be denied. Plaintiff is advised of his right to object to this Report and Recommendation by September 1st, 1994, in accordance with 28 U.S.C. § 636 and Local Court Rule 39. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions. *Moore v. United States*, 950 F.2d 656 (10th Cir.1991). This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter except as to the Defendant Bullock, as no dispositive motion is before the Court concerning his status.

ENTERED this 17th day of August 1994.